# Commonwealth v. Callahan

*George O. Wagner,* district attorney, for the Commonwealth of Pennsylvania.
*Anthony D. Miele,* for defendant.

MYERS. *P.J.,* September 10, 1984—On June 23, 1983, defendant was arrested and charged with operating a motor vehicle on I-80 in Liberty Township, Montour County, at a speed of 85.7 miles per hour in a 55 mile per hour zone. Defendant was clocked at this speed for three-tenths of a mile by aerial observation. The road had been surveyed and equipped with surface road markings visible from above. The citation listed "mile post 216 East .3 mile" as the place where violation occurred.

A summary hearing was held and the magistrate found defendant guilty of speeding. Defendant appealed to this court and a de novo hearing was held.

At the de novo hearing, a Pennsylvania Department of Transportation survey was introduced into evidence to prove the accuracy and location of the surface road markings by which defendant's speed

was calculated. Defendant now challenges the accuracy of the surface road markings and the admissibility of said survey on that issue. Defendant also asserts that "mile post 216 .3 mile" is located in Northumberland County, not in Montour County, and consequently, Montour County does not have jurisdiction over this matter. These two issues are presently before this court for determination.

At the magistrate's hearing, testimony presented by the Commonwealth indicated that the lines painted on the road surface were in Liberty Township, Montour County. Even if the location of the occurrence of the violation is considered doubtful, it has been held that "where an arrest is made without a warrant for any summary offense, defendant shall be taken, and the proceeding shall be brought, either where the offense allegedly occurred, or before the issuing authority for any magisterial district which, in the judgment of the arresting officer, is most convenient to the place of arrest without regard to the boundary lines of any magisterial district or county." Commonwealth v. English, 57 D.&C. 2d 180, 182 (1971).

Speeding being a summary offense, it is thus clear that even if the actual violation occurred inside the Northumberland County line, the officer's discretion as to where the proceedings are to be brought must be respected, 75 Pa. C.S. §3362(c). Therefore, Montour County has jurisdiction over this matter.

On the issue of the accuracy of the surface road markings, 75 Pa. C.S. §3111(c) states:

"Whenever official traffic-control devices are placed or held in position approximately conforming to the requirements of this title, the devices shall be presumed to have been so placed by the official act

or discretion of lawful authority, unless the contrary shall be established by competent evidence."

No competent evidence has been submitted by defendant demonstrating improper placement of the road surface markings. Thus, they are presumed accurate. Therefore, the admissibility of the survey is inconsequential, since the unrebutted presumption of the accuracy of the road markings is sufficient to establish their accuracy without reference to the survey.

## ORDER OF COURT

And now, this September 10, 1984, after hearing de novo, we adjudge defendant guilty of operating his motor vehicle at a speed of 85.7 miles per hour in a 55 mile per hour zone in Liberty Township, Montour County, Pa. on June 23, 1983. Accordingly, defendant shall pay the costs of prosecution, including the costs of this appeal, together with the fine heretofore imposed by the district magistrate.